USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-23-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SMITH N. ANSAH,

                      Petitioner,                      12 Civ. 5205 (PKC)

      -against-                            MEMORANDUM
                                                AND ORDER

JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY; ALEJANDRO MAYORKAS,
DIRECTOR, UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES; DENISE
FRAZIER, DISTRICT DIRECTOR, UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES; ANDREA
QUARANTILLO, DIRECTOR, UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                      Respondents.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Petitioner Smith N. Ansah, a citizen of Ghana currently residing in the United States, filed his First Amended Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief with this Court (the "Amended Petition"). The Amended Petition seeks to challenge a decision by respondents, federal agents charged with enforcement of the Immigration and Nationality Act ("INA"), denying petitioner's application to adjust his status to that of a permanent resident. Respondents now move to dismiss the Amended Petition for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Alternatively, respondents move for summary judgment. For the reasons set forth below, the Court concludes that 8 U.S.C. § 1252(a)(2)(B)(i) precludes review by the Court and, accordingly, respondents' motion to dismiss the Amended Petition pursuant to Rule 12(b)(1), Fed. R. Civ. P., is granted.

I. Standard

Analysis of a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is contingent upon whether jurisdiction is challenged on factual or legal grounds. Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 (2d Cir. 2001). Where, as here, the challenge to subject matter jurisdiction is based on legal grounds, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." Id. (quoting Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000)).

II. Background

The following facts are taken from the Amended Petition and are assumed to be true for the purpose of deciding this motion. The Court also references documents within the Certified Administrative Record (the "Record") (Reddy Decl. Ex. A) to the extent incorporated by reference in the Amended Petition or relied on by petitioner in bringing suit.

Ansah is a citizen of Ghana. (Am. Pet. ¶¶ 9, 11.) On February 2, 2004, he was admitted to the United States on a "K-3 visa," i.e. as an alien described in Section 101(a)(15)(K)(ii) of the INA. (Am. Pet. ¶¶ 9, 12; Record at 12.) At that time, Ansah was residing in Jamaica and married to Jo-Ann Miller, a U.S. citizen who filed a Form I-129F on his behalf. (Am. Pet. ¶¶ 9, 13; Record at 12.) Upon entering the United States, Ansah immediately filed an application to adjust his status, which remained pending until the marriage between Ansah and Miller was dissolved on March 16, 2006. (Am. Pet. ¶ 9.)

On December 26, 2010, Ansah married his current spouse Joan Lyles, also a U.S. citizen. (Am. Pet. ¶¶ 9, 16.) On or about April 26, 2011, Lyles filed a Form I-130 Petition for Alien Relative on behalf of Ansah (the "I-130 Petition"), and Ansah simultaneously filed a Form I-485 Application to Register Permanent Resident or Adjust Status (the "I-485 Application").

(Am. Pet. ¶¶ 9, 16, 19, 20; Record at 12.) Lyles' Form I-130 Petition was approved on June 30, 2011 but Ansah's Form I-485 Application was denied on August 12, 2011. (Am. Pet. ¶¶ 9, 16.) According to the August 12, 2011 Notice of Decision addressed to Ansah, the I-485 Petition was denied because, pursuant to Section 245(d) of the INA, Ansah was ineligible to adjust his status based on his marriage to Lyles because Lyles was not the spouse who filed the initial petition at the time of his admission. (Record at 12.) The Notice of Decision also stated that Ansah was "without lawful immigration status" and required to depart the United States within thirty days. (Id. at 11.)

### III. Subject Matter Jurisdiction

Although the Court does not base its decision on the merits of the Amended Petition, it briefly reviews the statutory provisions on which Ansah bases his claims for relief in order to put the discussion of subject matter jurisdiction in context. The type of adjustment of status that Ansah seeks is, under appropriate circumstances, authorized by Section 245 of the INA. That provision states as follows:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). As noted in the Notice of Decision, however, "[t]he Attorney General may not adjust, under subsection (a) of this section, the status of a nonimmigrant alien described in section 1101(a)(15)(K) of this title except . . . as a result of the marriage of the nonimmigrant . . .

to the citizen who filed the petition to accord that alien's nonimmigrant status under section 1101(a)(15)(K) of this title." 8 U.S.C. § 1255(d).[1]

Petitioner argues that the Court has subject matter jurisdiction based on one or more of the following: the federal question statute, 28 U.S.C. § 1331, the Administrative Procedure Act or "APA," 5 U.S.C. § 701 et seq., the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201. The applicability of any of these provisions is limited by a jurisdiction-stripping provision of the INA, which states in relevant part as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title . . . .

8 U.S.C. § 1252(a)(2)(B)(i).

The Amended Petition's Prayer for Relief asks, in sum and substance, that the Court declare that Ansah is eligible to adjust his status, issue an injunction prohibiting respondents from relying on Ansah's divorce in adjudicating the I-485 Application, and issue a writ of mandamus compelling respondents to reopen the I-485 Application. Granting any of the requested relief would necessarily require that the Court review a judgment regarding the granting of relief under 8 U.S.C. § 1255. Thus, the Amended Petition, fairly read, requests precisely the review of respondents' decision that is forbidden by Section 1252(a)(2)(B)(i). See Lee v. U.S. Citizenship & Immigration Servs., 592 F.3d 612, 620 (4th Cir. 2010) (holding "claim

---

[1] Section 1101(a)(15) defines "immigrant," for the purposes of that chapter, to mean "every alien except an alien who is within one of" the enumerated "classes of nonimmigrant aliens." 8 U.S.C. § 1101(a)(15). Subsection (K)(ii), in particular, describes an alien who "has concluded a valid marriage with a citizen of the United States . . . who is the petitioner, is the beneficiary of a petition to accord a status under section 1151(b)(2)(A)(i) of this title that was filed under section 1154 of this title by the petitioner, and seeks to enter the United States to await the approval of such petition and the availability to the alien of an immigrant visa . . . ." 8 U.S.C. § 1101(a)(15)(K)(ii). This described Ansah prior to entering the United States.

raised in Lee's APA action falls squarely within the scope of § 1252(a)(2)(B)(i)" even though "carefully worded to avoid expressly challenging the denial of his application for adjustment of status"); cf. Sharkey v. Quarantillo, 541 F.3d 75, 85 (2d Cir. 2008) (holding district court had jurisdiction where "Sharkey does not seek review of a denial of her application for [lawful permanent resident] status," but "[r]ather, she seeks judicial recognition that her application was approved").

Moreover, the exception provided in subparagraph (D) does not apply here. Subparagraph (D), added by the REAL ID Act of 2005, 119 Stat. 310, states that "[n]othing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Thus, the Second Circuit has held that "[a]lthough we lack jurisdiction to review a discretionary denial of adjustment of status, we retain jurisdiction to review constitutional claims or questions of law raised in a petition for review, including whether an alien is eligible for adjustment of status." Crocock v. Holder, 670 F.3d 400, 402-03 (2d Cir. 2012) (citations omitted). This Court is not a court of appeals, and thus the exception in subparagraph (D) does not apply here. See Shabaj v. Holder, ___ F.3d ___, 2013 WL 149903, at *3 (2d Cir. Jan. 15, 2013) (per curium) ("Thus, while this court would have jurisdiction to review any constitutional claims or questions of law raised by Shabaj in a petition for review of CIS's hardship determination, the district court did not.") (emphasis original); Lee, 592 F.3d at 620 ("§ 1252(a)(2)(D) does not give Lee a jurisdictional bootstrap into district court.").

Thus, there is no merit to Ansah's arguments concerning any statutory basis for subject matter jurisdiction here. First, petitioner's reliance on the Declaratory Judgment Act is

5

misplaced because "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts. . . . Rather, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767, 769 (2d Cir. 2006) (per curium). Second, as the Second Circuit held in an analogous case involving the similarly-worded restrictions in 8 U.S.C. § 1252(a)(5), neither the Mandamus Act nor the APA (alone or together with the federal question statute) confers jurisdiction over a case before a district court where such review is prohibited by the INA as amended by the REAL ID Act. See Delgado v. Quarantillo, 643 F.3d 52, 55-56 (2d Cir. 2011) (per curium) (holding neither APA nor Mandamus Act conferred subject matter jurisdiction on district court to review denial of I-212 application, which was basis for order of removal, because 8 U.S.C. § 1252(a)(5) removes such jurisdiction "[n]otwithstanding any other provision of law (statutory or nonstatutory)").[2] The Court perceives no reason here why, in contravention of the normal "presumption that a given term is used to mean the same thing throughout a statute," the same language in Sections 1252(a)(5) and 1252(a)(2)(B)(i) should be read differently. Brown v. Gardner, 513 U.S. 115, 118 (1994) (citing Atl. Cleaners & Dyers v. United States, 286 U.S. 427, 433 (1932)). The Amended Petition must therefore be dismissed because there is no basis for this Court's subject matter jurisdiction.

---

[2] Section 1252(a)(5) states in relevant part that "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section." 8 U.S.C. § 1252(a)(5).

6

CONCLUSION

Respondents' motion to dismiss the Amended Petition for lack of subject matter jurisdiction (Docket No. 12) is GRANTED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 23, 2013